UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re: **Michael Burke** Debtor. | Case No. **24-11700-JGR** Chapter 7 |
| **Jason Biondolillo** Plaintiff, v. **Michael Burke** Defendant. | Adv. Pro. No. **25-01116-JGR** |

**ORDER DENYING MOTION TO DISQUALIFY JUDGE JOSEPH G. ROSANIA, JR. PURSUANT TO 28 U.S.C. § 455(a) and (b)**

THIS MATTER comes before the Court regarding the Motion to Disqualify Judge Joseph G. Rosania, Jr. Pursuant to 28 U.S.C. § 455(a) and (b), filed on August 8, 2025 ("Motion") (Doc. 36).

Plaintiff is acting as a pro se litigant and the Court has liberally construed and held the Plaintiff to a less stringent standard than formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

**ALLEGATIONS OF BIAS SET FORTH IN THE MOTION**

Plaintiff's Motion is based on dissatisfaction of rulings entered in this Adversary Proceeding, citing with particularity:

(1) Plaintiff alleges the amended complaint was not properly considered.

(2) Plaintiff alleges the Court did not consider certain evidence.

(3) Plaintiff complains he was not allowed to participate in hearings held in the separate, dismissed chapter 11 case of Austin Grady Builders, LLC, Case No. 24-11698-JGR.

(4) Plaintiff complains the Court did not consider prematurely filed motions.

(5) Plaintiff complains "the Court declined to compel Trustee's counsel, Aaron Garber, to disclose results of a 2004 investigation while simultaneously barring Plaintiff from obtaining discovery."

## STANDARDS FOR RECUSAL

Fed.R.Bankr.P. 5004(a) states:

Disqualification of Judge. A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.

28 U.S.C. § 455 in relevant part, provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

The legal standard for recusal is discussed in the case of *In re Ottman*, 534 B.R. 18 (Bankr. D. Colo. 2015):

A judge's impartiality is subject to an objective test which requires a judge to recuse himself when "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." In the context of a motion to recuse, "the reasonable person standard contemplates a well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person."

The Court has a duty to recuse itself where any of the statutory grounds set forth in § 455 exist; however, "there is a corresponding duty not to do so if cause for recusal has not been shown." Judges should take care not to remove themselves needlessly "because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge shopping."

534 B.R. at 22-23 (internal citations omitted).

The case of *In re Nicole Energy Servs.*, 423 B.R. 840 (Bankr. S.D. Ohio 2010), offers an even more extensive explanation:

> Recusal on the basis of partiality generally arises in one of two circumstances: (1) when a judge forms an opinion of the litigant based upon information learned outside the course of judicial proceedings ("Extrajudicial Source Doctrine"), or (2) when a judge who obtains information only during the course of judicial proceedings forms a favorable or unfavorable opinion so extreme that fair judgment appears impossible ("Pervasive Bias Exception"). *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2922 (2d ed. 1995).

423 B.R. at 844-845.

Continuing, *Nicole Energy* explains the proper test to determine disqualification is objective:

> The standard for determining whether a judge should be disqualified is an objective one: whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned. *See Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1501 (10th Cir. 1994); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983).
>
> The proper test . . . is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man. *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976). As the Sixth Circuit explained, "[t]he standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)). The Seventh Circuit has elaborated on the necessity and desirability of this objective recusal test:
>
> An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person. . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of pre-emptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear

3

> may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary. *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).
>
> The inquiry under § 455(a) is whether a reasonable person knowing all the relevant facts would question the judge's impartiality. *Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir. 1999). The question under § 455(b)(1) is whether the judge holds a personal bias or prejudice against the movant. The movant must allege "facts which a reasonable person would believe would indicate a judge has a personal bias . . . . Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) (internal citation and quotation marks omitted).

423 B.R. at 845-846.

## ANALYSIS

There is no evidence of bias apart from Plaintiff's dissatisfaction with rulings entered in this Adversary Proceeding, dissatisfaction with the Chapter 7 Trustee's investigation of the Defendant in his personal chapter 7 bankruptcy case, and dissatisfaction with the dismissed chapter 11 bankruptcy case of Austin Grady Builders, LLC, because the undersigned judge is not biased herein. The Court's rulings have been based on the facts and the law. Plaintiff has appealed the dismissal of the Adversary Proceeding to protect his rights and vindicate him if he is correct.

> It is not a basis for disqualification that a party to a proceeding disagrees with the court's ruling. The cases are uniform that a "judge's adverse rulings in the course of a judicial proceeding almost never constitutes a valid basis for disqualification based on bias or partiality." *12 James Wm. Moore, Moore's Fed. Practice § 63.21(4)*, at 63-39 (3d. Ed. 2006) (citing cases); see also *Liteky*, 510 U.S. at 554-55.

*In re Nogues*, 2008 Bankr. LEXIS 4874, at *7-8 (Bankr. E.D. Cal. May 29, 2008)

4

5

Dated this 24th day of September, 2025.

BY THE COURT:

_____
Hon. Joseph G. Rosania, Jr.
United States Bankruptcy Judge